Monell, J.
The only fact found by the referee, not found on the first trial, is, “ that the note has never been in the hands of the plaintiff, but has been retained by the said attorney.” He finds the agreement, constituting the consideration of the note, in a slightly altered form, but essentially not differently from his first finding. He now finds that the costs of the action were to be paid ; the. note of the defendant to be given for the balance of the judgment; the appeal to be dismissed ; and a satisfaction of the judgment given.
The court in reversing the former judgment said: “ that the consideration for the agreement on the part of the defendants, when the note in question was given, consisted, therefore, not only in the giving of the satisfaction piece, but the discontinuance of the suit, which included proceedings on an appeal from the original judgment. That was done ; and the defendants had the benefit of it, one as principal and the others as sureties. The contract was entire on hoth sides, and the giving of the satisfaction piece could not be said to be the separate and only consideration for the note, any more than such note could be said to be the separate and only consideration for the satisfaction piece.” (2 Rob. 140.) And the *46 court held that a partial failure of consideration was not a defense. , .
We are unable to perceive any difference, either in the evidence or the findings, of the referee, which changes the case, or takes it out of the principles announced in the former decision as controlling the case.
There was not a conditional delivery of the note to the plaintiff’s attorney. The fact that it had not been in the plaintiff’s hands, but had been retained by his attorney, falls far short of showing a conditional delivery. The consideration was an entire agreement to do three things; to pay the costs of the action ; to dismiss the appeal, and to satisfy the judgment. The failure to perform either of the three, would not be a defense. In other words, if all was done except the last, the non-execution of that, would not prevent a recovery on the note. This is abundantly established in the opinion before referred to.
We think the referee was mistaken in his' construction of his second finding and of the opinion of this court upon the former appeal, and therefore it was error to dismiss the complaint.
The judgment must be reversed, and a -new trial ordered, with costs to the appellant on the appeal, to abide the event. The order of the referee must also be vacated.
Jones, J.
On the first trial of this action the referee found in favor of the defendants ; on appeal the general term of this court reversed the judgment, and ordered a new trial before the same referee. The referee again found in favor of the defendants, and the present appeal is from the judgment entered on such finding.
On this first appeal, this court held that upon the facts found by the referee, his conclusion of law was erroneous, and that the plaintiff was entitled to recover. We are bound by this decision, unless the Court of Appeals, since its rendition, has established a principle adverse to it. We have not been *47 referred to, nor are we aware of, any such decision of the Court of Appeals.
Unless then the present findings of the referee substantially differ from his former ones, we must, under the previous general term decision, reverse this judgment.
I can see no substantial difference between the two sets of findings.
In his first finding, he found as facts, that the note sued on was given on the consideration of the discontinuance of a former action, the payment of costs therein, and an agreement to execute and deliver a satisfaction of a judgment obtained therein, and that such satisfaction piece was not executed until after the commencement of this action.
The court, in deciding the case on the first appeal, viewed the case precisely as if the finding had been that the defendant agreed to give the note in suit, upon the plaintiff’s agreeing to discontinue the former action, to pay the costs therein, and to execute and deliver a satisfaction piece thereof.
This view of the finding must have been taken by the court; for it is evident that the consideration of a note'must be derived from a prior agreement relative to it, and must constitute the whole of such prior agreement, so far as it relates to the giving of the note and the purposes and objects for which it was given.
How the only differences between the first and second findings are, first, that in the second findings the referee finds in terms the very same agreement from which he, in his first findings, deduced the consideration of the note; second, instead.of finding that the note in question was given and indorsed, he now finds it was “ placed in the possession of the plaintiff’s attorney,” “and has never been in the hands of the plaintiff, but has been retained by said attorney."
As to the first difference, it is a mere change of phraseology. As shown above, the first set of findings involved a finding of the agreement between the parties, and did in fact find that agreement just as fully as the second set of findings. There *48 is no matter found to have been agreed on by the second set of findings which was not found, to have been agreed on by the first set.
With reference to the second difference, the using of the expression, “ placed in his possession,” etc. in the connection in which it is used, would seem singular, did we not bear in mind that the referee on the second trial, sought by mere changes in the phraseology of his findings, (for, since the evidence on the second trial was substantially the same as that in the first, he could not consistently change the substance of his former findings of fact,) to evade, without appearing to directly overrule, the former decision of this general term. He may have had a notion that by using these expressions, the general term would be led to the conclusion that he found either that the note had not been delivered, or that it had been placed in escrow, or at all events that the effect of a finding of delivery would be avoided. Whatever may have been his idea or object, it is sufficient to say that the effect of these expressions, is to find a delivery to the plaintiff. A note cannot be placed in the possession of any person without being handed to' him. A delivery consists in handing the article to ■the person to whom the delivery is to be made, and no words are necessary to be used.
Again, the possession of a note is prima facie evidence of a delivery to the possessor. In this case there was possession, and there is "no evidence to rebut that prima facie evidence.
As a delivery to, and possession by an agent, is a delivery to and possession by the principal, the effect of the finding in question is, that there was a delivery to the plaintiff. There. being no finding that the delivery was in escrow or conditional, it must be deemed to be absolute. It might perhaps, under the case of Worrall v. Munn, (5 N. Y. Rep. 229,) be absolute, even though the intention was to make it a delivery in escrow, or conditional.
The respondent claims that the.appellant cannot avail himself of any error in the conclusions of fact or law found by the referee, for none are stated in the case. There are, however, in *49 the appeal hook the pleadings, the report of the referee, the judgment, and an exception to the only conclusion of law found by the referee. These papers are sufficient to authorize us to pass on the question, whether the findings of fact in the report are sufficient to uphold his conclusion of law.
In Ferguson v. Hamilton, (35 Barb. 427,) the defendants excepted to the referee’s findings of fact and law on the subject of the counter-claim, and appealed from, so much of the judgment as decreed that judgment be entered in favor of the plaintiff against the defendants, upon the counter-claim set up by defendants. This appeal of the defendants was abandoned on the argument.
For the above reasons I am of opinion that the judgment must be reversed, and a new trial ordered, with costs to abide the event, and the order of reference must be vacated.
Garvin, J. concurred.
Judgment reversed.